**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **James Chandler Bulkley,** | : | **CIVIL ACTION NO. 3:20-1203** |
| **Plaintiff,** | : | |
| **v.** | : | **(JUDGE MANNION)** |
| **Deborah Albert-Heise***,* | : | |
| **Defendant.** | : | |

**MEMORANDUM**

Presently before the court is Defendant Deborah Albert-Heise's motion for summary judgment. (Doc. 40.) Plaintiff initially sued Defendant, an Assistant District Attorney in Wyoming County Pennsylvania, and Craig Flynn, a Pennsylvania State Trooper, for *inter alia* malicious prosecution claiming that they lacked probable cause to bring criminal harassment and stalking proceedings against him. On July 29, 2021, Judge John E. Jones III, the now retired judge who previously presided over this case, granted Trooper Flynn's motion to dismiss with prejudice, finding Plaintiff failed to adequately plead Trooper Flynn lacked probable cause. (Doc. 27.) Defendant argues that this finding precludes an alternative finding as to her and motions for summary judgment on that basis. As detailed below, the court agrees with Defendant, and will **GRANT** her motion.

## I.      Background

This matter arises out of Plaintiff's contentious divorce and child-custody proceedings. Beginning in March 2017, Plaintiff's former wife began contacting the Pennsylvania State Police with complaints that Plaintiff was harassing her. On August 22, 2017, Trooper Flynn, after consulting with Defendant who determined there was adequate probable cause, filed a summary harassment charge against Plaintiff. A preliminary hearing was held before a state magisterial district judge, and Plaintiff was adjudged guilty of the summary offense on October 6, 2017. Plaintiff appealed to the Wyoming County Court of Pleas, which held a hearing on January 12, 2018. At this hearing Defendant indicated to Plaintiff's attorney that if Plaintiff did not plead guilty to the summary harassment charge, she would file additional charges. Subsequently Plaintiff pled not guilty, and Defendant informed the court that the Commonwealth intended to withdraw the summary harassment charge and file misdemeanor charges against Plaintiff.

On April 13, 2018, Trooper Flynn with Defendant's approval filed a Criminal Complaint and Affidavit of Probable Cause against Plaintiff charging him with Stalking (graded as misdemeanor of the 1st degree) pursuant to 18 §2709.1 (A)(2) and Harassment (graded as a misdemeanor of the 3rd degree) pursuant to 18 §2709(A)(7) for alleged acts that occurred between

June 30, 2016, and August 21, 2017. Plaintiff appeared for criminal processing at the Wyoming County Courthouse but was never handcuffed or imprisoned. Plaintiff's bail was set at $10,000 unsecured on the condition he not contact his former wife or consume alcohol. On February 22, 2019, a preliminary hearing was held, and the court found that the Commonwealth met its burden of establishing a *prima facie* case of misdemeanor stalking and harassment. On October 3, 2019, Defendant on behalf of the Commonwealth withdrew the misdemeanor charges against Plaintiff in exchange for Plaintiff agreeing to a civil no contact order with his former wife. Since this time Plaintiff has not had any additional criminal charges filed against him or had any type of contact with Defendant.

On April 4, 2021, Plaintiff filed the present action against Defendant and Trooper Flynn claiming that their conduct in bringing summary and misdemeanor charges against him, allegedly without probable cause, constituted false arrest, malicious prosecution, and failure to intervene in violation of his Fourth Amendment, Fourteenth Amendment, and state law rights.

Trooper Flynn filed a motion to dismiss *sub judice* on November 17, 2020, and a timely brief in support on December 4, 2020. On motion to dismiss Trooper Flynn argued that Plaintiff's claims failed as a matter of law

- 3 -

because, even after accepting the well-pled allegations as true, the pleadings failed to make it plausible to conclude that Trooper Flynn lacked probable cause when he charged Plaintiff. The court agreed finding that by explicitly pleading, on at least two occasions, an independent judicial officer determined the Commonwealth had sufficient probable cause to try Plaintiff for the charges initiated by Trooper Flynn, Plaintiff could also not argue Trooper Flynn lacked probable cause. Since each of Plaintiff's substantive claims, required a lack of probable cause the court dismissed all these claims with prejudice.[1]

Conversely Defendant's former counsel filed a motion to dismiss on October 14, 2020, but the court terminated that motion on November 17, 2020, for failure to file a brief in support within fourteen days in violation of Local Rule 7.5. Having missed the opportunity to have this action dismissed at the onset, Defendant then answered Plaintiff's complaint on December 2, 2020, and now moves for summary judgment on essentially the same basis Trooper Flynn successfully motioned to dismiss.

---

[1] Judge Jones initially dismissed Plaintiff's claims against Trooper Flynn without prejudice on March 18, 2021. (Doc. 20.) After Plaintiff amended his complaint and Trooper Flynn filed a renewed motion to dismiss, Judge Jones again dismissed Plaintiff's claims on the same basis but with prejudice. (Doc. 27.)

## II.    Legal Standard

Summary judgment is appropriate "if the pleadings, the discovery [including, depositions, answers to interrogatories, and admissions on file] and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d Cir. 1990). A factual dispute is genuine if a reasonable jury could find for the non-moving party and is material if it will affect the outcome of the trial under governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Aetna Cas. & Sur. Co. v. Ericksen*, 903 F.Supp. 836, 838 (M.D. Pa. 1995).

At the summary judgment stage, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249; *See also Marino v. Indus. Crating Co.*, 358 F.3d 241, 247 (3d Cir. 2004) (a court may not weigh the evidence or make credibility determinations). But the court must consider all evidence and inferences drawn therefrom in the light most favorable to the non-moving party. *See Andreoli v. Gates*, 482 F.3d 641, 647 (3d Cir. 2007).

To prevail on summary judgment, the moving party must affirmatively identify those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323–24. The moving party can discharge the burden by showing that "on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *In re Bressman*, 327 F.3d 229, 238 (3d Cir. 2003); *See also Celotex*, 477 U.S. at 325. If the moving party meets this initial burden, the non-moving party "must do more than simply show that there is some metaphysical doubt as to material facts," but must show sufficient evidence to support a jury verdict in its favor. *Boyle v. County of Allegheny*, 139 F.3d 386, 393 (3d Cir. 1998) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must direct the court's attention to specific, triable facts by "citing particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A) (emphasis added); *See United States v. Starnes*, 583 F.3d 196, 216 (3d Cir. 2009) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991)); *See also DeShields v. Int'l Resort Properties Ltd.*, 463 F. App'x 117, 120 (3d Cir. 2012) ("If factual support for [a plaintiff's] claim exist[s] in the record, it [i]s incumbent upon her to direct the District Court's attention to those facts.").

If the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to [the non-movant's] case, and on which [the non-movant] will bear the burden of proof at trial," Rule 56 mandates the entry of summary judgment because such a failure "necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 322–23; *Jakimas v. Hoffman–La Roche, Inc.*, 485 F.3d 770, 777 (3d Cir. 2007).

Finally, "[i]nasmuch as Pennsylvania law governs this action[,] we treat Pennsylvania Supreme Court opinions as binding precedent and Pennsylvania Superior Court opinions as persuasive precedent." *State Farm Fire & Cas. Co. v. Estate of Mehlman*, 589 F.3d 105, 107 n.2 (3d Cir. 2009); *See also Jewelcor Inc. v. Karfunkel*, 517 F.3d 672, 676 n. 4 (3d Cir. 2008) (citing *City of Philadelphia v. Lead Industries Ass'n, Inc.,* 994 F.2d 112, 123 (3d Cir. 1993))("Although not dispositive, decisions of state intermediate appellate courts [including the Pennsylvania Commonwealth Court] should be accorded significant weight in the absence of an indication that the highest state court would rule otherwise.).

## III.   Discussion

As a preliminary matter, Plaintiff failed to timely file a brief in opposition in violation of Local Rule 7.6. As such, the court could have struck this

untimely response and deemed Defendant's motion for summary judgement unopposed. Likewise, under Local Rule 56.1 the court could have deemed all material facts set fourth in Defendant's statement of material facts as admitted since they were not timely controverted by Plaintiff. However, the court granted Plaintiff's *nunc pro tunc* motion for leave to accept his late filed brief.[2] Still the court will not consider Plaintiff's unsworn declaration (Doc. 45) because that declaration contains hearsay and legal conclusions which prevent its consideration under Federal Rule of Civil Procedure 56. Regardless, Plaintiff fails to rebut many of Defendant's dispositive arguments, waiving his opposition to those arguments, and ultimately leaving most of Defendant's motion unopposed.

## A. Res Judicata

Under the doctrine of *res judicata* or claim preclusion, "a final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States,* 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979). The Third Circuit has further explained that the "federal law of claim preclusion requires a defendant to demonstrate that

---

[2] Plaintiff should have filed his *nunc pro tunc* motion (filed September 11, 2023) contemporaneously with his untimely brief in opposition (filed August 13, 2023) not a full month later and after Defendant had already raised the untimeliness of his brief in her reply (filed August 28, 2023).

there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." *United States v. Athlone Indus., Inc.*, 746 F.2d 977, 983 (3d Cir. 1984).

Likewise, the Supreme Court of Pennsylvania applies the doctrine of *res judicata* to two actions that share the following four conditions: (1) the thing sued upon or for; (2) the cause of action; (3) the persons and parties to the action; and (4) the capacity of the parties to sue or be sued. *See Bearoff v. Bearoff Bros., Inc.,* 458 Pa. 494, 327 A.2d 72, 74 (1974). Pennsylvania courts have also articulated a long-standing disapproval of claim splitting. *See, e.g., Spinelli v. Maxwell*, 430 Pa. 478, 243 A.2d 425, 428 (1968) (explaining "sound policy" to avoid splitting up claims arising from the same wrongful act).

Defendant argues that Plaintiff's claims should be dismissed under the doctrine of *res judicata* because Plaintiff's claims against Defendant are identical to the claims against Trooper Flynn previously dismissed by Judge Jones. Since Plaintiff does not rebut this argument in his brief in opposition, Defendant further argues that he has waived his opposition to it. *See Campbell v. Jefferson Univ. Physicians*, 22 F.Supp.3d 478, 487 (E.D. Pa. 2014) ("Where a nonmoving party fails to address the "substance of any

challenge to particular claims, that failure 'constitutes an abandonment of [those] causes of action and essentially acts as a waiver of [those] issues.'").

Here, the claims against Defendant and Trooper Flynn are identical, and all the other requirements for *res judicata* have been met under both federal and Pennsylvania law. *See Shah v. United States*, 540 Fed.Appx. 91, 93 (3d Cir. 2013) (unpublished) (quoting *Marran v. Marran*, 376 F.3d 143, 151 (3d Cir. 2004) and *Equal Employment Opportunity Comm'n v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990)) ("Privity 'is merely a word used to say that the relationship between one who is a party on the record, and another is close enough to include that other within the *res judicata*.'"). Furthermore, *res judicata* does not require the precluded claim to actually have been litigated; its concern, rather, is that the party against whom the doctrine is asserted had a full and fair opportunity to litigate the claim. *See Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 398, 101 S.Ct. 2424, 69 L.Ed.2d 103 (1981). Plaintiff had a full and fair opportunity to litigate the claims at issue here before Judge Jones, who still dismissed those claims on their merits.

In his sur-reply Plaintiff for the first time argues that the "circumstances" surrounding Trooper Flynn's dismissal are not the same as those facts alleged against Defendant and as such the court should make its own

determination as to Defendant. However, the claims and factual allegations against Defendant are again identical to those already dismissed against Trooper Flynn. Moreover, Trooper Flynn acted based-on Defendant's probable cause determination. To find Defendant in directing Trooper Flynn to file charges lacked probable cause, after Trooper Flynn was already found to have probable cause in filing those same charges would lead to the kind of unreconcilable conclusions the doctrine of *res judicata* is meant to prevent. Accordingly, Plaintiff's claims against Defendant are precluded by the doctrine of *res judicata*.

## B. Fourteenth Amendment More-Specific Provision Rule

Noting its "reluctan[ce] to expand the concept of substantive due process," the Supreme Court has established the "more-specific-provision rule." *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 260 (3d Cir. 2010)(citing *County of Sacramento v. Lewis*, 523 U.S. 833, 843–44, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998)). Under this rule, "if a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process." *United States v. Lanier*, 520 U.S. 259, 272 n. 7, 117 S.Ct. 1219,

137 L.Ed.2d 432 (1997) (clarifying prior holding in *Graham v. Connor*, 490 U.S. 386, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989)).

As a result of this reluctance, the Supreme Court in *Albright v. Oliver* declined to "recognize a substantive right under the Due Process Clause ... to be free from criminal prosecution except upon probable cause" and held that "it is the Fourth Amendment, and not substantive due process, under which [such a] ... claim must be judged." 510 U.S. 266, 268, 271, 114 S.Ct. 807, 127 L.Ed.2d 114 (1994) (plurality); *See also Washington v. Hanshaw*, 552 F. App'x. 169, 172–73 (3d Cir. 2014) ("[T]he Court has held that, if a right to be free from prosecution absent probable cause exists, it must instead be grounded on the Fourth Amendment's prohibition on unreasonable searches and seizures.")

Defendant argues that based on this rule Plaintiff's Fourteenth Amendment claims should fail as a matter of law. Furthermore, since Plaintiff also fails to rebut this argument, Defendant argues his opposition is waived. The court agrees on both arguments. Plaintiff, despite claiming he rebutted all of Defendant argument's, does not even address this issue in his sur-reply. Accordingly, the court finds that notwithstanding the application of *res judicata*, Plaintiff's Fourteenth Amendment claims fail as a matter of law.

## C. Failure to Show Lack of Probable Cause

Regardless of whether they are based on the Fourth Amendment or Pennsylvania law the remaining claims—false arrest, malicious prosecution, and failure to intervene—all require Plaintiff to establish that Defendant lacked probable cause when she brought charges against him. *See Wheeler v. Wheeler*, 639 F.App'x 147, 150 (3d Cir. 2016) (noting that a failure to plead facts supporting a lack of probable cause is "dispositive" of the plaintiff's malicious prosecution and false arrest claims); *Johnson v. Knorr*, 477 F.3d 75, 81–82 (3d Cir. 2007) (finding that lack of probable cause is necessary element of a malicious prosecution claim); *See also Boyd v. Plainfield Police Div.*, No. CV 15-2210, 2019 WL 2385887, at *6 (D.N.J. June 6, 2019) ("Lack of probable cause is thus an essential element of Plaintiff's claims of false arrest, false imprisonment, and failure to intervene in a false arrest.") (citing *Groman v. Twp. of Manalapan*, 47 F.3d 628, 634 (3d Cir. 1995)); *Jackson v. City & Cty. of Philadelphia*, No. CV 18- 1660, 2019 WL 199902, at *4 (E.D. Pa. Jan. 11, 2019) ("if the record demonstrates that probable cause existed at the time of Plaintiff's arrest, Plaintiff's claims [including failure to intervene, false arrest, and malicious prosecution claims pursuant to Section 1983] . . . all fail as a matter of law because for these causes of action to succeed at

trial, there must have been no probable cause at the time of Plaintiff's arrest.")[3]

Generally, "the question of probable cause in a section 1983 damage suit is one for the jury." *Merkle v. Upper Dublin Sch. Dist.*, 211 F.3d 782, 788 (3d Cir. 2000)(citing *Montgomery v. De Simone*, 159 F.3d 120, 124 (3d Cir. 1998). However, a district court may conclude "that probable cause exists as a matter of law if the evidence, viewed most favorably to Plaintiff, reasonably would not support a contrary factual finding," and may enter summary judgment accordingly. *Id.* (citing *Sherwood v. Mulvihill*, 113 F.3d 396, 401 (3d Cir. 1997)).

In Pennsylvania, a "false arrest is defined as 1) an arrest made without probable cause or 2) an arrest made by a person without privilege to do so." *McGriff v. Vidovich,* 699 A.2d 797, 799 (Pa.Cmwlth.1997)(citing Pennsylvania Suggested Standard Civil Jury Instructions §13.04). Similarly, to make out a case of malicious prosecution under Pennsylvania law "the burden is upon the plaintiff to prove affirmatively, by circumstances or

---

[3] Citing *Jennings v. Shuman*, Plaintiff claims that the Third Circuit's only requirement for bringing a claim of malicious prosecution under §1983 is an allegation of "action under color of state law." 567 F.2d 1213, 1219-20 (3d Cir. 1977). Unfortunately, Plaintiff's counsel has failed to acknowledge the above contrary authority in making this claim as well as failed to recognize that *Jennings* is not even a malicious prosecution but malicious abuse of process case.

  
otherwise, that the defendant had no reasonable or probable cause for instituting the original criminal proceedings." *Stinson v. Smith*, 329 Pa. 177, 181–82, 196 A. 843, 845 (1938). The Pennsylvania and federal standards for the existence of probable cause are the same. *See Renk v. City of Pittsburgh,* 537 Pa. 68, 641 A.2d 289, 293 (1994). Furthermore, the Pennsylvania Supreme Court has held that "the existence of probable cause is a question of law for the court rather than a jury question." *Kelley v. Gen. Teamsters, Chauffeurs & Helpers, Loc. Union 249*, 518 Pa. 517, 521, 544 A.2d 940, 941 (1988).

Here Plaintiff does not dispute that he was adjudged "guilty" of the initial summary harassment charge on October 6, 2017, and the Pennsylvania Court of Common Pleas found the Commonwealth—as represented by Defendant—met its burden of establishing a *prima facie* case of misdemeanor stalking and harassment on February 22, 2019. Inherent in these rulings is the finding that there was sufficient probable cause to try Plaintiff for the charges at issue. *See Wheeler*, 639 F.App'x at 151 ("Consequently, the Pennsylvania court's decision to schedule Wheeler for trial is evidence of an independent, contemporaneous judicial determination that there was sufficient probable cause to justify trying Wheeler for assault and harassment."); *See also Commonwealth. v. Karetny*, 583 Pa. 514, 529,

880 A.2d 505, 514 (2005) (citing *Commonwealth v. McBride,* 528 Pa. 153, 595 A.2d 589., 591 (1991)) ("A *prima facie* case exists when the Commonwealth produces evidence of each of the material elements of the crime charged and establishes probable cause to warrant the belief that the accused committed the offense.").

Nonetheless Plaintiff claims the Third Circuit has not found that the "mere" finding of probable cause by a state magisterial district judge bars subsequent false arrest claims and thus the state court findings "are just one (1) piece of evidence, one (1) brick in the wall, not the whole wall." Plaintiff is wrong. The Third Circuit has explicitly found that a plaintiff may be collaterally estopped from litigating civil claims where the same issues were previously litigated in a prior criminal proceeding. *See James v. Heritage Valley Fed. Credit Union*, 197 Fed. App'x 102, 105 (3d Cir. 2006) ("[a] finding in a prior criminal proceeding may estop an individual from litigating the same issue in a subsequent civil proceeding."), cert denied, 550 U.S. 939, 127 S.Ct. 2253, 167 L.Ed.2d 1098 (2007).

Here not only did a magisterial district judge find there was probable cause to charge Plaintiff but also a Court of Common Pleas judge found there was probable cause to try Plaintiff on the charges at issue. Accordingly, the issue of whether Defendant lacked probable cause is precluded, and

Plaintiff's Fourth Amendment and Pennsylvania law claims also fail as a matter of law. *See Ciarrocchi v. Kennedy Memorial Hosp.,* 378 F. App'x. 239, 241 (3d Cir. 2010) (affirming the district court's *sua sponte* application of issue preclusion). The court will not entertain Plaintiff's unsubstantiated allegations of Defendant's involvement in "conspiracy" against Plaintiff that do not raise any genuine dispute of material fact in this case but instead attempt to relitigate the facts of Plaintiff's criminal and divorce proceedings.

### D. Absolute and Qualified Immunity

Absolute immunity shields prosecutors from liability related to their official acts. *See Imbler v. Pachtman*, 424 U.S. 409, 417-20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). Under the doctrine of absolute immunity, prosecutors are absolutely immune from liability for money damages under §1983 for acts "within the scope of his duties in initiating and pursuing a criminal prosecution." *Id.* at 410. Absolute immunity attaches to actions "intimately associated with the judicial phases of litigation," but not to "administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id*. at 430. The court's absolute immunity analysis contains two steps: (1) "[t]he court must ascertain just what conduct forms the basis for the plaintiff's cause of action," and (2) "it must then determine what function

(prosecutorial, administrative, investigative, or something else entirely) that act served." *Schneyder v. Smith*, 653 F.3d 313, 332 (3d Cir. 2011).

Here Plaintiff alleges that Defendant violated his rights by directing and approving the charges against him without probable cause, lying and fabricating evidence to prosecute those charges, and not otherwise disclosing his known innocence to the court. Conversely Defendant argues that her actions in withdrawing the summary harassment charge and filing misdemeanor charges against Plaintiff were within the scope of her prosecutorial duties entitling her to absolute immunity from liability regarding those actions. The court agrees with Defendant. She cannot be held liable for any alleged misrepresentations to the court. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 260, 113 S. Ct. 2606, 2608, 125 L. Ed. 2d 209 (1993) (Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of her role as an advocate for the State, are entitled to the protections of absolute immunity.) However, Defendant appears to argue that she is not entitled to absolute immunity regarding Plaintiff's other allegations but is still entitled to qualified immunity.[4]

---

[4] Defendant does not clearly argue which of her acts form the basis of Plaintiff's allegations and which functions (*i.e.,* prosecutorial or investigative)

*(footnote continued on next page)*

- 18 -

Qualified immunity shields law enforcement officers "from liability or civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The two-pronged test for whether qualified immunity applies requires this court to determine (1) "whether the facts that a plaintiff has alleged or shown make out a violation of a constitutional right" and (2) "whether the right at issue was clearly established at the time of a defendant's alleged misconduct." *Montanez v. Thompson*, 603 F.3d 243, 250 (3d Cir. 2010) (quoting *Pearson v. Callahan*, 555 U.S. 223 (2009)).

To be clearly established, a right must be sufficiently clear "that every 'reasonable official would [have understood] that what he is doing violates that right.'" *Ashcroft v. al-Kidd,* 563 U.S. 731, 732,131 S.Ct., 2074, 2078, 179 L.ed. 2d 1149, (quoting *Anderson v. Creighton,* 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987)). In other words, "existing precedent must have placed the statutory or constitutional question beyond debate." *Id*. at 2083. This "clearly established" standard protects the balance between vindication

---

those acts served. In fact, Defendant only argues she is entitled to absolute immunity on her withdrawal of the summary offense in lieu of filing a misdemeanor charge against Plaintiff, leaving the court to assume she does not consider her other acts to serve a prosecutorial function.

of constitutional rights and government officials' effective performance of their duties by ensuring that officials can "'reasonably ... anticipate when their conduct may give rise to liability for damages.'" *Anderson,* at 639, 107 S.Ct. 3034 (quoting *Davis v. Scherer,* 468 U.S. 183, 195, 104 S.Ct. 3012, 82 L.Ed.2d 139 (1984)).

Defendant argues that Plaintiff has failed to prove which of his clearly established constitutional or statutory rights were violated. Plaintiff does not oppose this argument, even in his sur-reply, and as previously explained has not established any violation of his rights under the constitution or Pennsylvania law. Accordingly, Defendant is entitled to qualified immunity on all her acts not otherwise shielded by absolute immunity.

### E. Pennsylvania State Constitutional Violations

Defendant argues that Plaintiff's Pennsylvania constitutional claims should be dismissed as a matter of law on the basis that "Pennsylvania does not recognize a private right of action for damages in a lawsuit alleging a violation of the Pennsylvania Constitution." *Moss v. Pennsylvania*, 838 F.App'x 702, 708 (3d Cir. 2020). Once again Plaintiff does not oppose this argument, even in his sur-reply. Accordingly, the court finds that Plaintiff's state constitution claims fail as a matter of law. No reasonable jury could find for Plaintiff on a claim he is not legally allowed to bring.

## IV.    Conclusion

Plaintiff claims that he has earned his day in court. However, it is evident from the above that Plaintiff did not even earn his day on summary judgment but only stumbled to this point as result of Defendant's failure to timely file a motion to dismiss. There is no genuine dispute as to the facts that show Plaintiff's claims are precluded by *res judicata*, fail as a matter of law, and do not otherwise overcome Defendant's absolute and qualified immunity. Accordingly, no reasonable jury could find in Plaintiff's favor and the court will **GRANT** Defendant's motion for summary judgement in its entirety. An appropriate order follows.

s/Malachy E. Mannion
**MALACHY E. MANNION**
**United States District Judge**

**DATE: February 23, 2024**
20-1203-01